ALDERMAN, Judge,
concurring specialty-
Although I concur with the majority opinion, I take issue with the propriety and the meaning of the footnote contained in the opinion. This footnote is not only unessential to the decision of this Court but also meaningless in its content. It amounts to a gratuitous statement by this Court which serves no purpose. Section 947.16(3), Florida Statutes (1979), provides in part:
[Ejxcept that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery or attempted sexual battery, incest or attempted incest, an unnatural and lascivious act or an attempted unnatural and lascivious act, lewd and lascivious behavior, assault or aggravated assault when a sexual act is completed or attempted, battery or aggravated battery when a sexual act is completed or attempted, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed. When any person is convicted of two or more felonies and concurrent sentences *514 are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to the first third of the maximum sentence imposed for the highest felony charged and proven. When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.
If the requirements of this statute are met, the trial judge has the broad discretion to retain jurisdiction over the offender for review of a Parole and Probation Commission release order for the first third of the maximum sentence imposed. The statute does not require that he employ this authority “sparingly and carefully.” To impose such a requirement amounts to a limitation of the legislature’s language which we are not at liberty to do.
Furthermore, even though section 947.-16(3)(a) requires that the trial judge, in retaining jurisdiction, state his justification with individual particularity and make this justification a part of the court record, I also object to the second sentence in the footnote which provides: “For retention to be valid, the trial judge is required to state the justification with individual particularity.” In the present case, the trial judge stated his justification with particularity as required by this statute. The issue of whether a retention of jurisdiction where he has failed to do so is invalid is not before us, and I would therefore not make this gratuitous statement on an issue not properly before us for review.